IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TREVONTE EDWARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:15-CV-191-MTT-MSH |
| | : | |
| | : | |
| Officer CAMERON BROWN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendants' pre-answer motion to dismiss the Complaint. (ECF No. 15.) Also pending is Plaintiff's motion to amend (ECF No. 10). For the reasons explained below, Plaintiff's motion to amend is granted and it is recommended that Defendants' motion to dismiss likewise be granted.

## **BACKGROUND**

Plaintiff alleges that Defendants intentionally failed to intervene in an inmate-on-inmate physical altercation at Hancock State Prison ("HSP"). Compl. 5-7, ECF No. 1. Specifically, Plaintiff states that on February 15, 2015, he was assaulted by his cellmate while Defendants Cameron Brown and Kenya Bowman—both Corrections Officers at HSP—"watched . . . without taking immediate response." Compl. 5. Plaintiff further contends that both officers came and went three times before Defendant Brown called in the proper procedure code. Afterwards, a CERT officer and the shift supervisor came to the cell, removed Plaintiff, and brought a nurse to have Plaintiff checked for injuries. *Id.*

Plaintiff informed the nurse that his cellmate bit him on the face and that his head and ribcage were painful. *Id.* Plaintiff was given "medicine to help prevent H.I.V. Hepatitis [and] . . . Ibuprofen for [the] head and ribcage injury." *Id.* at 5-6. Some amount of time after Plaintiff was cleared by the first nurse, and after numerous requests to be seen by medical, a second nurse checked Plaintiff for injuries and found that he had also been bitten on the collarbone. *Id.* at 6. The nurse then requested help from the physician's assistant who told Plaintiff that the inmate who assaulted him is H.I.V. positive. *Id.*

On February 18, 2015, Plaintiff filed a grievance (Grievance No. 191389) alleging staff negligence resulting from the February 15th assault. Mahoney Aff. ¶ 11 & Ex. 2, ECF No. 15-2. The warden denied Plaintiff's grievance stating that while the grievance was investigated and an incident report was created, there was insufficient evidence to support Plaintiff's allegations. Mahoney Aff. ¶ 12 & Ex. 3 at 2. Under HSP's grievance policy, the warden has 40 calendar days from the date the inmate filed the grievance form to deliver a decision. Mahoney Aff. ¶ 8 & Ex. 1 at 10. If an inmate does not receive a response from the warden within that time period, the inmate may immediately file a grievance appeal to the Central Office. Mahoney Aff. ¶ 9 & Ex. 1 at 11. After waiting more than 40 days without receiving a response, Plaintiff completed and submitted his grievance appeal form on June 23, 2015.[1] Mahoney Aff. ¶ 12 & Ex. 3.

On May 26, 2015—prior to receiving the warden's response or submitting his

---

[1] Although the warden's response is dated March 26, 2015, Plaintiff did not sign the response until July 11 or 13, 2015. Mahoney Aff. ¶ 12 & Ex. 3 at 2. The Court thus assumes for purposes of the motion to dismiss that Plaintiff did not receive the grievance response until July 11 or 13.

2

grievance appeal form—Plaintiff filed this action.[2]  Compl. 5-7.  After a preliminary review, service was ordered on both Defendants.  Order 3-4, June 3, 2015, ECF No. 6.  On June 10, 2015, Plaintiff filed a Motion to Amend (ECF No. 10) stating that he is suing Defendants in their individual and official capacities for violating his Eighth Amendment right to be free from cruel and unusual punishment and for violating his Fourteenth Amendment substantive due process rights.  Am. Compl. 1-3, ECF No. 10-1.  On August 7, 2015, Defendants' moved to dismiss Plaintiff's complaint, in part, for failure to exhaust.  *See* Defs.' Br. in Supp. of Mot. to Dismiss 2-7, ECF No. 15-1.  These motions are ripe for review.

## DISCUSSION

### I.    Plaintiff's Motion to Amend

On June 10, 2015, Plaintiff filed a Motion to Amend and submitted a proposed amended complaint.  Mot. to Amend, ECF No. 10; Am. Compl., ECF No. 10-1.  In his amended complaint, Plaintiff clarifies that he is suing Defendants in their individual and official capacities.  Am. Compl. 1-3.  This motion falls under Rule 15(a)(1)(A), which provides that "[a] party may amend its pleading once as a matter of course within[ ] 21 days after serving it[.]"  Fed. R. Civ. P. 15(a)(1)(A).  Accordingly, Plaintiff's motion to amend (ECF No. 10) is granted.

### II.   Defendants' Motion to Dismiss

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be

---

[2] The Court notes that the Complaint was filed on May 26, 2015, but was signed on May 20, 2015.  For purposes of the exhaustion analysis in this case, the difference in the date of filing under the mailbox rule is irrelevant.

brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants state that Plaintiff timely filed a grievance (#191389) concerning the

4

events that occurred on February 15, 2015.  Defs.' Br. in Supp. of Mot. to Dismiss 2-7.  Plaintiff then filed his complaint on May 26, 2015—before receiving the warden's response or submitting a grievance appeal.  *Id.*  Plaintiff's grievance appeal was still pending when Defendants filed their motion to dismiss.  *Id.* at 5-6.  Defendants argue that, based on this timeline, it is clear that Plaintiff failed to exhaust before filing this action.  *Id.* at 5-7; *see*, *e.g.*, *Williams v. Barrow*, 559 F. App'x 979, 987 (11th Cir. 2014) (explaining that the plaintiff did not properly exhaust administrative remedies even though he submitted his grievance appeal form before filing suit, because "the appeal was not denied until November 16, 2011, which was after Williams had filed his complaint in the district court."); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding "the term 'brought'—as used in section 1997e(a)—to mean the filing or commencement of a lawsuit . . . The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint.") (internal quotations and citations omitted).

At the first step of the exhaustion analysis, the Court is to look to the Defendants' contentions and Plaintiff's response to see if they factually conflict.  Plaintiff does not contest Defendants' version of the events leading up to his filing.  Defendants' statements are thus accepted as true and uncontested and it is clear that Plaintiff failed to complete the grievance process prior to filing this action.  It is therefore recommended that Plaintiff's Complaint be dismissed for failure to exhaust at the first step of the exhaustion analysis.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Amend (ECF No. 10) is granted and it is recommended that Defendants' motion to dismiss the complaint (ECF No. 15) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 16th day of November, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE