IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TREVONTE EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-191 (MTT) |
| CAMERON BROWN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion to dismiss the Plaintiff's complaint for failure to exhaust administrative remedies. (Doc. 19). The Magistrate Judge recommends that the complaint be dismissed under the first step of *Turner v. Burnside*,[1] which provides for dismissal where "the facts as stated by the prisoner show a failure to exhaust." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (citing *Turner*, 541 F.3d at 1082). The Plaintiff has not objected to the Recommendation.

The Plaintiff's claims are based on the Defendants alleged failure to intervene when the Plaintiff was assaulted by his roommate at Hancock State Prison on February 16, 2015. (Doc. 6 at 3-4). In his complaint, the Plaintiff alleges that he filed a grievance and, as a result, was "transferred to another prison but the incident still wasn't handled correctly." (Doc. 1 at 3). The Plaintiff alleges that he did not appeal "any denial of [his] grievance to the highest level possible in the prison system" because he "was

---
[1] 541 F.3d 1077 (11th Cir. 2008).

transferred an[d] Hancock [State Prison] refused to forward the appeal form." (Doc. 1 at 4). The Plaintiff filed his complaint on May 26, 2015. (Doc. 1).

In their motion to dismiss, the Defendants admit that the Plaintiff filed a grievance on February 18, 2015. (Docs. 15-1 at 5; 15-2 at 35). The Defendants also acknowledge that the Plaintiff's complaint alleges "that he was transferred to another facility and that he could not file a grievance appeal." (Doc. 15-1 at 4). Moving to the second step of *Turner*, the Defendants argue that the Plaintiff nevertheless failed to exhaust "all available administrative remedies" because the Plaintiff ultimately submitted a grievance appeal that remained pending at the time the Defendants filed their motion. (Doc. 15-1 at 4). In support of their motion, the Defendants produced the warden's response to the Plaintiff's grievance and the Plaintiff's grievance appeal. (Doc. 15-2 at 36-37). The warden's response is signed by the warden and dated March 26, 2015. (Docs. 15-1 at 5; 15-2 at 36). Under "acknowledge receipt of the above response on this date," the Plaintiff's signature appears next to two dates: July 11 and July 13, 2015. (Doc. 15-2 at 36). The Defendants argue the Plaintiff's signature indicates that he received the warden's response on either July 11 or July 13. (Docs. 15-1 at 5). The Plaintiff's grievance appeal, on the other hand, reflects that it was submitted by the Plaintiff on June 23, 2015. (Docs. 15-1 at 5; 15-2 at 37). The grievance appeal lists the number of the February 18 grievance and says, "I'm not satisfied with [the warden's] response [and] the reason the appeal is behind [is] I got transferred behind this incident and I just received the grievance response." (Docs. 15-1 at 5; 15-2 at 37).

The Defendants note that the applicable grievance policy allows an inmate to file an appeal "after the time allowed for the Warden's decision to be given to the offender

has expired."[2]  (Doc. 15-1 at 5-6).  They then argue that "[h]ere, the records show that [the] Plaintiff filed his appeal after the time for the Warden's decision to be given to the offender had expired (although it appears that he later received the Warden's response)."  (Doc. 15-1 at 6).  Under the grievance policy, the Commissioner or his designee has one hundred calendar days to deliver a decision to the inmate after submission of an appeal.  (Doc. 15-1 at 6).  Because the Plaintiff filed this lawsuit before the Commissioner delivered a response or the time for him to do so had expired, the Defendants argue the Plaintiff failed to complete the grievance process.  (Doc. 15-1 at 6).  The Plaintiff did not respond to the Defendants' motion to dismiss.  As a result, the Magistrate Judge determined that the Plaintiff "does not contest Defendants' version of the events leading up to his filing" and so accepted the Defendants' statements "as true and uncontested."  (Doc. 19 at 5).

"[Eleventh Circuit] precedent requires district courts to first accept the prisoner's version of the facts as true and ask whether the suit is subject to dismissal for failure to exhaust."  *Whatley*, 802 F.3d at 1213.  The Court cannot say that the Plaintiff's view of the facts show a failure to exhaust.  The Plaintiff alleges that he could not submit an appeal because he "was transferred an[d] Hancock [State Prison] refused to forward the appeal form."  (Doc. 1 at 4).  "A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'"  *Turner*, 541 F.3d at 1084 (citation omitted).  Thus, the Court must proceed to the second *Turner* step: "identifying particular factual disputes, then making 'specific [fact] findings' to resolve those disputes and decide whether the [February 18] grievance

---

[2] The grievance procedure "provides for the Warden's response to be given to the inmate within forty calendar days from the date the counselor received the Grievance Form from the inmate, with a possible one-time ten calendar day extension."  (Doc. 15-2 at ¶ 8).

exhausted administrative remedies." *Whatley*, 802 F.3d at 1211 (first alteration in original) (quoting *Turner*, 541 F.3d at 1082).

Whether prison officials prevented the Plaintiff from submitting an appeal before he filed his lawsuit on May 26 is a factual issue the Court must address, although it is unclear whether it is disputed. The Defendants suggest that the Plaintiff was able to submit an appeal on June 23, but they do not acknowledge that this occurred after the Plaintiff filed his lawsuit. That the Plaintiff was able to submit an appeal after he filed his lawsuit does not address whether prison officials prevented him from doing so beforehand. Consistent with the Defendants' view of the facts, prison officials could have made the remedy available to the Plaintiff only after first depriving him of it so that he was forced to file this lawsuit.

Therefore, the Defendants are **ORDERED** to address no later than February 11, 2016, (1) the Plaintiff's allegation that he did not submit an appeal because he was transferred and prison officials "refused to forward the appeal form" and (2) the issue of whether the Court can consider events occurring subsequent to the filing of the complaint in determining whether a prisoner has exhausted available administrative remedies. The Plaintiff shall have until March 3, 2016, to respond to the Defendants.

**SO ORDERED**, this 22nd day of January, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT