**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TREVONTE EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:15-CV-191 (MTT)** |
| | ) | |
| **CAMERON BROWN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion to dismiss the Plaintiff's complaint for failure to exhaust administrative remedies. (Doc. 19). The Magistrate Judge recommends that the complaint be dismissed under the first step of *Turner v. Burnside*,[1] which provides for dismissal where "the facts as stated by the prisoner show a failure to exhaust." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (citing *Turner*, 541 F.3d at 1082). The Plaintiff has not objected to the Recommendation.

The Plaintiff's claims are based on the Defendants' alleged failure to intervene when the Plaintiff was assaulted by his roommate at Hancock State Prison on February 16, 2015. (Doc. 6 at 3-4). In his complaint, the Plaintiff alleges that he filed a grievance and, as a result, was "transfer[r]ed to another prison but the incident still wasn't handle[d] correctly." (Doc. 1 at 3). The Plaintiff alleges that he did not appeal "any denial of [his] grievance to the highest level possible in the prison system" because he

[1] 541 F.3d 1077 (11th Cir. 2008).

"was transfer[r]ed an[d] Hancock [State Prison] refused to forward the appeal form." (Doc. 1 at 4). The Plaintiff filed his complaint on May 26, 2015. (Doc. 1).

In their motion to dismiss, the Defendants admit that the Plaintiff filed a grievance on February 18, 2015. (Docs. 15-1 at 5; 15-2 at 35). The Defendants also acknowledge that the Plaintiff's complaint alleges "that he was transferred to another facility and that he could not file a grievance appeal." (Doc. 15-1 at 4). Moving to the second step of *Turner*, the Defendants argue that the Plaintiff nevertheless failed to exhaust "all available administrative remedies" because the Plaintiff ultimately submitted a grievance appeal that remained pending at the time the Defendants filed their motion. (Doc. 15-1 at 4). In support of their motion, the Defendants produced the warden's response to the Plaintiff's grievance and the Plaintiff's grievance appeal. (Doc. 15-2 at 36-37). The warden's response is signed by the warden and dated March 26, 2015. (Docs. 15-1 at 5; 15-2 at 36). Under "acknowledge receipt of the above response on this date," the Plaintiff's signature appears next to two dates: July 11 and July 13, 2015. (Doc. 15-2 at 36). The Defendants argue the Plaintiff's signature indicates that he received the warden's response on either July 11 or July 13. (Docs. 15-1 at 5). The Plaintiff's grievance appeal, on the other hand, reflects that it was submitted by the Plaintiff on June 23, 2015. (Docs. 15-1 at 5; 15-2 at 37). The grievance appeal lists the number of the February 18 grievance and says, "I'm not satisfied with [the warden's] response [and] the reason the appeal is behind [is] I got transfer[r]ed behind this incident an[d] I just received the grievance response." (Docs. 15-1 at 5; 15-2 at 37).

The Defendants note that the applicable grievance policy allows an inmate to file an appeal "after the time allowed for the Warden's decision to be given to the offender

has expired."[2] (Doc. 15-1 at 5-6). They then argue that "[h]ere, the records show that [the] Plaintiff filed his appeal after the time for the Warden's decision to be given to the offender had expired (although it appears that he later received the Warden's response)." (Doc. 15-1 at 6). Under the grievance policy, the Commissioner or his designee has one hundred calendar days to deliver a decision to the inmate after submission of an appeal. (Doc. 15-1 at 6). Because the Plaintiff filed this lawsuit before the Commissioner delivered a response or the time for him to do so had expired, the Defendants argue the Plaintiff failed to complete the grievance process. (Doc. 15-1 at 6). The Plaintiff did not respond to the Defendants' motion to dismiss. As a result, the Magistrate Judge determined that the Plaintiff "does not contest [the] Defendants' version of the events leading up to his filing" and so accepted the Defendants' statements "as true and uncontested." (Doc. 19 at 5).

"[Eleventh Circuit] precedent requires district courts to first accept the prisoner's version of the facts as true and ask whether the suit is subject to dismissal for failure to exhaust." *Whatley*, 802 F.3d at 1213. The Court cannot say that the Plaintiff's view of the facts show a failure to exhaust. The Plaintiff alleges that he could not submit an appeal because he "was transfer[r]ed an[d] Hancock [State Prison] refused to forward the appeal form." (Doc. 1 at 4). "A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'" *Turner*, 541 F.3d at 1084 (alteration in original) (citation omitted). Thus, the Court must proceed to the second *Turner* step: "identifying particular factual disputes, then making 'specific [fact] findings' to resolve those disputes

[2] The grievance procedure "provides for the Warden's response to be given to the inmate within forty calendar days from the date the counselor received the Grievance Form from the inmate, with a possible one-time ten calendar day extension." (Doc. 15-2 at ¶ 8).

and decide whether the [February 18] grievance exhausted administrative remedies." *Whatley*, 802 F.3d at 1211 (first alteration in original) (quoting *Turner*, 541 F.3d at 1082).

Whether prison officials prevented the Plaintiff from submitting an appeal before he filed his lawsuit on May 26 is a factual issue the Court must address, although it is unclear whether it is disputed. The Defendants suggest that the Plaintiff was able to submit an appeal on June 23, but they do not acknowledge that this occurred after the Plaintiff filed his lawsuit. That the Plaintiff was able to submit an appeal after he filed his lawsuit does not address whether prison officials prevented him from doing so beforehand. Consistent with the Defendants' view of the facts, prison officials could have made the remedy available to the Plaintiff only after first depriving him of it so that he was forced to file this lawsuit. Accordingly, the Court ordered the Defendants to address (1) the Plaintiff's allegation that he did not submit an appeal because he was transferred and prison officials "refused to forward the appeal form" and (2) whether the Court can consider events occurring subsequent to the filing of the complaint in determining whether a prisoner has exhausted available administrative remedies. (Doc. 21 at 4). The Defendants have now responded. (Doc. 22). Despite being given an opportunity to do so, the Plaintiff did not respond to the Defendants.

The Defendants argue that the Court can consider events occurring subsequent to the filing of the complaint: "The key is whether the evidence points to the state of facts that was in existence at the time that the lawsuit was filed." (Doc. 22 at 5 n.2). Again, the Defendants argue that the Plaintiff's position "is belied" by the fact that he was able to submit an appeal on June 23. (Doc. 22 at 2) (citing Doc. 15-2 at 37). In

support of their argument, the Defendants have submitted a supplemental affidavit of Tamikia Mahoney, the chief counselor and grievance coordinator at Hancock State Prison. (Doc. 22-1).

According to Mahoney, the warden's response was sent to Georgia State Prison because the Plaintiff was transferred there while his grievance was being processed.[3] (Doc. 22-1 at ¶¶ 4, 5). Mahoney says that the Plaintiff "obtained his grievance appeal form at Georgia State Prison and … completed it there" and that she knows this because the form, although bearing a signature, "is not signed by a member of [her] staff at [Hancock State Prison]." (Doc. 22-1 at ¶ 7). Mahoney does not identify the individual who signed the form. Mahoney further says that

> [The Plaintiff] was not informed that he could not submit a grievance appeal, as this would be contrary to the Grievance SOP. There also was no "refusal to forward the appeal form" as I understand [the Plaintiff] alleges in this case. Appeal forms are available to inmates at all GDC facilities including Georgia State Prison, and that is where he obtained the appeal form in this instance.

(Doc. 22-1 at ¶ 8).

Based on this new evidence, it is not necessary to consider facts occurring after the Plaintiff filed his complaint to resolve the Defendants' motion. In his complaint, the Plaintiff alleges that he did not submit an appeal because he "was transfer[r]ed an[d] Hancock [State Prison] refused to forward the appeal form." (Doc. 1 at 4). The Plaintiff does not allege that appeal forms were not available at Georgia State Prison, nor does the Plaintiff dispute the Defendants' contention that appeal forms were available at

[3] The Defendants now say that July 11 or July 13, 2015 "does not appear to be when [the] Plaintiff first received the response." (Doc. 22 at 3 n.1). Mahoney says she "cannot explain the fact that the dates 7-11-15 and 7-13-15 appear next to [the Plaintiff's] signature on the Warden's Response. Perhaps he incorrectly indicated the date that he received the response." (Doc. 22-1 at ¶ 6). However, Mahoney says "it is clear" from the Plaintiff's appeal that at the time he completed the appeal, he had already received the warden's response. (Doc. 22-1 at ¶ 6).

Georgia State Prison; he says he did not appeal because Hancock State Prison failed to send him an appeal form. It is clear, however, that appeal forms were available at Georgia State Prison and that the Plaintiff could have submitted an appeal "after the time allowed for the Warden's decision to be given to the offender ha[d] expired." (Doc. 15-2 at ¶ 9). Accordingly, the Court finds that the Plaintiff was not prevented from submitting an appeal before he filed his lawsuit on May 26. Because the Plaintiff failed to exhaust his available administrative remedies before filing suit, the Defendants are entitled to dismissal at step two of the *Turner* analysis.

The Recommendation (Doc. 19) is **ADOPTED as modified**. The Defendants' motion to dismiss (Doc. 15) is **GRANTED**.

**SO ORDERED**, this 9th day of March, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT